UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>         Plaintiff,<br><br>   vs.<br><br>FOUR HUNDRED SIXTY-THREE THOUSAND FOUR HUNDRED NINETY-SEVEN DOLLARS AND SEVENTY-TWO CENTS ($463,497.72) IN U.S. CURRENCY FROM BEST BANK ACCOUNT #259502677, NINETEEN THOUSAND NINE HUNDRED THIRTY-SIX DOLLARS AND SEVENTY-SEVEN CENTS ($19,936.77) IN U.S. CURRENCY FROM BEST BANK ACCOUNT #259208558, ONE HUNDRED ONE THOUSAND SEVEN HUNDRED THREE DOLLARS AND TEN CENTS ($101, 703.10) IN U.S. CURRENCY FROM COUNTRYWIDE BANK ACCOUNT #9202255890, NINETEEN THOUSAND NINE HUNDRED TWELVE DOLLARS AND SEVEN CENTS ($19,912.07) IN U.S. CURRENCY FROM COMERICA BANK ACCOUNT #0026200766, and FIFTY-ONE THOUSAND FOUR HUNDRED DOLLARS AND SIXTY-THREE CENTS ($51,400.63) IN U.S. CURRENCY FROM COUNTRYWIDE BANK ACCOUNT #9201147528<br><br>         Defendants.<br><br>STACEY HOGAN GIANOPLOS and RONALD G. CARSON<br><br>And<br><br>H. D.  SMITH WHOLESALE DRUG CO., INC.<br><br>         Claimants. | Civil No.  2:08-CV-11564<br>Honorable David M. Lawson<br>Magistrate Judge Mona K.  Majzoub |

## H.D. SMITH'S MOTION FOR ATTORNEY FEES AND COSTS

Claimant, H.D. Smith Wholesale Drug Co., Inc., and its officers, directors, employees,

agents, subsidiaries, and affiliates, ("H.D. Smith"), by and through the undersigned attorneys,

respectfully moves the Court, pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 2465(b)(1)(A), for an award of attorney fees and costs and in support thereof, states as follows:

1.   For the reasons set forth in greater detail in the accompanying Brief in Support of H.D. Smith's Motion for Attorney Fees and Costs, H.D. Smith is entitled to an award of its attorney fees and costs pursuant to both Fed. R. Civ. P. 54(d) and 28 U.S.C. § 2465(b)(1)(A).

2.   In accordance with Local Rule 7.1, H.D. Smith attempted to conduct a conference with the Government regarding the merits of the instant Motion but the Government did not respond.

WHEREFORE, Claimant, H.D. Smith Wholesale Drug Co., Inc., respectfully requests that this Court award attorney fees in the amount of $474,190.50 and costs in the amount of $45,234.97 to H.D Smith Wholesale Drug Co., Inc. along with any other relief this Court deems just and proper.

Respectfully submitted,

Date:  April 12, 2012

/s/ William J. Leeder, III
William J. Leeder III (P70708)
BARNES & THORNBURG LLP
171 Monroe Avenue, N.W., Suite 1000
Grand Rapids, MI  49503
bleeder@btlaw.com
Phone:  (616) 742-3930

and

Jason R. Barclay
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204-3535
Telephone:  (317) 231-7250
Facsimile:  (317) 231-7433

Attorneys for Claimant H.D. Smith Wholesale Drug Co., Inc.

- 2 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

UNITED STATES OF AMERICA

Plaintiff,

vs.

FOUR HUNDRED SIXTY-THREE THOUSAND
FOUR HUNDRED NINETY-SEVEN DOLLARS
AND SEVENTY-TWO CENTS ($463,497.72) IN
U.S. CURRENCY FROM BEST BANK ACCOUNT
#259502677, NINETEEN THOUSAND NINE
HUNDRED THIRTY-SIX DOLLARS AND
SEVENTY-SEVEN CENTS ($19,936.77) IN U.S.
CURRENCY FROM BEST BANK ACCOUNT
#259208558, ONE HUNDRED ONE THOUSAND
SEVEN HUNDRED THREE DOLLARS AND
TEN CENTS ($101, 703.10) IN U.S. CURRENCY
FROM COUNTRYWIDE BANK ACCOUNT
#9202255890, NINETEEN THOUSAND NINE
HUNDRED TWELVE DOLLARS AND SEVEN
CENTS ($19,912.07) IN U.S. CURRENCY FROM
COMERICA BANK ACCOUNT #0026200766,
and FIFTY-ONE THOUSAND FOUR HUNDRED
DOLLARS AND SIXTY-THREE CENTS
($51,400.63) IN U.S. CURRENCY FROM
COUNTRYWIDE BANK ACCOUNT #9201147528

Defendants.

STACEY HOGAN GIANOPLOS and RONALD
G. CARSON

And

H. D.  SMITH WHOLESALE DRUG CO., INC.

Claimants.

Civil No.  2:08-CV-11564
Honorable David M. Lawson
Magistrate Judge Mona K. Majzoub

---

**BRIEF IN SUPPORT OF H.D. SMITH'S**
**MOTION FOR ATTORNEY FEES AND COSTS**

# **TABLE OF CONTENTS**

CONCISE STATEMENT OF ISSUES PRESENTED...........................................................ii

INDEX OF AUTHORITIES ..............................................................................................iii

I.      INTRODUCTION ......................................................................................................1

II.     ARGUMENT ...........................................................................................................2

      A.      H.D. SMITH IS ENTITLED TO RECOVER ITS ATTORNEYS' FEES FROM
           THE GOVERNMENT PURSUANT TO 28 U.S.C. § 2465(B)(1)(A) ...........................2

      B.      H.D. SMITH'S ATTORNEYS AND THEIR RATES ....................................................3

      C.      H.D. SMITH'S REQUEST FOR ATTORNEY FEES IS REASONABLE .........................5

           1.      THE TIME AND LABOR REQUIRED .........................................................8

           2.      THE NOVELTY AND DIFFICULTY OF THE QUESTIONS RAISED ...............8

           3.      THE SKILL REQUISITE TO PERFORM THE LEGAL SERVICES PROPERLY....9

           4.      THE PRECLUSION OF OTHER CASES DUE TO THE ACCEPTANCE
              OF THIS CASE.....................................................................................9

           5.      THE CUSTOMARY FEE .........................................................................9

           6.      WHETHER THE FEE IS FIXED OR CONTINGENT .......................................10

           7.      TIME LIMITATIONS IMPOSED................................................................10

           8.      THE RESULTS OBTAINED AND THE AMOUNT INVOLVED ........................10

           9.      THE EXPERIENCE, REPUTATION, AND ABILITIES OF THE ATTORNEYS.....11

           10.     THE UNDESIRABILITY OF THE CASE......................................................12

           11.     THE NATURE AND THE LENGTH OF THE PROFESSIONAL RELATIONSHIP..12

           12.     AWARDS IN SIMILAR CASES................................................................12

III.    CONCLUSION........................................................................................................13

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

1.     H.D. SMITH IS ENTITLED TO RECOVER $519,425.47 IN ATTORNEY FEES AND COSTS FROM THE GOVERNMENT PURSUANT TO 28 U.S.C. § 2465(b)(1)(A).

     Claimant's Response:     YES

     Plaintiff's Response:     NO

## INDEX OF AUTHORITIES

**Cases**

*Adcock-Ladd v. Secretary of Treasury,*
  227 F.3d 343 (6th Cir. 2000) ........................................................................ 5
*Blanchard v. Bergeron,*
  489 U.S. 87 (1989)........................................................................................ 7
*Blum v. Stenson*
  465 U.S. 886 (1984)...................................................................................... 6
*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,*
  532 U.S. 598 (2001)...................................................................................... 6
*Citizens Ins. Co. of America v. KIC Chemicals, Inc.*
  2007 WL 2902213, *10 (W.D. Mich. Oct. 1, 2007).................................. 10
*Global-Tech Appliances, Inc. v. SEB S.A.,*
  563 U.S. ___, 131 S.Ct 2060 (2011)........................................................... 9
*Hensley v. Eckerhart,*
  461 U.S. 424 (1983).................................................................................. 6, 10
*Johnson v. Georgia Highway Express, Inc.*
  488 F.2d 714 (5th Cir. 1974) ..................................................................... 6, 7
*Loesel v. City of Frankenmuth,*
  743 F.Supp.2d 619 (E.D. Mich. Sept. 27, 2010)......................................... 5
*Missouri v. Jenkins,*
  491 U.S. 274 (1989)...................................................................................... 6
*Paeth v. Worth Twp,*
  2010 WL 486706, *5 (E.D. Mich. Nov. 23, 2010) ...................................... 4
*Paschal v. Flagstar Bank,*
  297 F.3d 431 (6th Cir. 2002) ..................................................................... 5, 6
*Reed v. Rhodes,*
  179 F.3d 453 (6th Cir. 1999), .................................................................... 3, 5
*U.S. v. $4,432 Mastercases of Cigarettes,*
  322 F. Supp.2d 1075 (C.D. Cal. 2004). ..................................................... 13
*U.S. v. $59,000 in U.S. Currency,*
  2010 WL 32102002 (S.D. Fla. Aug. 12, 2010)...................................... 12, 13
*U.S. v. $60,201.00 United States Currency,*
  291 F. Supp 2d 1126 (C.D. 2003). ............................................................... 3
*U.S. v. Khan,*
  497 F.3d 204 (2nd Cir. 2007)........................................................................ 2
*United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.,*
  732 F.2d 495 (6th Cir. 1984) ........................................................................ 7
*United States v. Certain Real Prop.*
  579 F.3d 1315 (11th Cir. 2009) ................................................................... 12
*Woodridge v. Marlene Indus. Corp.,*
  898 F.2d 1169 (6th Cir. 1990) ...................................................................... 6

**Rules**

Fed.R.Civ.P. 54 .................................................................................................... 2

**Statutes**

21 U.S.C. § 801 ............................................................................................... 1, 9

21 U.S.C. § 983 .................................................................................................... 8

28 U.S.C. § 2465 ........................................................................................ 1, 2, 3, 7

# I.  INTRODUCTION

On April 11, 2008, the Government seized currency in the bank accounts of Safescript Pharmacy #19, LLC ("Safescript"), its owner, Stacey Hogan Gianoplos ("Gianoplos"), and Gianoplos' business and personal associate, Ronald G. Carson ("Carson") (hereinafter the "Accounts") and initiated this civil forfeiture proceeding.  The trial in this matter ultimately presented a very narrow issue for this Court's determination:  Was H.D. Smith Wholesale Drug Co., Inc. ("H.D. Smith") an innocent owner of the Accounts?  The Court recently ruled that H.D. Smith is an innocent owner and entitled to the return of all proceeds from the Accounts in the Government's possession.  When a party "substantially prevails" under the Civil Asset Forfeiture Reform Act ("CAFRA"), it is entitled to recover its attorney fees and costs.  *See* 28 U.S.C. § 2465(b)(1)(A).

From the outset of this case, the Government was fully aware that H.D. Smith had a right to the Accounts which had been seized by the DEA.  Indeed, the Government's own witnesses conceded that the volume of controlled substances ordered by Safescript was in no way indicative of criminal conduct.  More importantly, H.D. Smith was in full compliance with all obligations imposed on it by the Controlled Substances Act, 21 U.S.C. § 801 *et. seq*. and all regulations promulgated thereunder related to the monitoring of controlled substance purchases by its customers.  H.D. Smith demonstrated at trial that at all times it tried its best to comply with DEA regulations, as it understood those requirements, and in fact, did comply with those requirements as they related to H.D. Smith's sale of controlled substances to Safescript.

Notwithstanding those insurmountable evidentiary burdens, the Government further exacerbated the impact and cost to H.D. Smith by virtue of its conduct throughout every stage of this litigation.  The Government agreed then to and subsequently abandoned settlements on

multiple occasions, destroyed e-mail communications and other relevant evidence during the course of trial, delayed producing relevant documents until the eve of trial, and maintained, without any legal support, that the "willful blindness" doctrine in a civil forfeiture case is different than the standard applied to criminal defendants. All of these actions needlessly increased the financial burden upon H.D. Smith to not only recover the Accounts, but, more importantly, defend itself against the unfounded attacks on its compliance programs. H.D. Smith takes its regulatory and monitoring obligations pursuant to Controlled Substances Act very seriously, and any suggestion to the contrary had to be met with a comprehensive rebuttal.

Despite the fact that its own witnesses conceded that H.D. Smith did not meet the standard for willful blindness, the Government needlessly delayed the release of the Accounts by pursuing factual and legal arguments without support. CAFRA was passed to blunt the "government's too-zealous pursuit of civil and criminal forfeiture." *U.S. v. Khan*, 497 F.3d 204, 208 (2nd Cir. 2007). The Government must now reimburse H.D. Smith for its attorneys' fees and cost as set forth in greater detail below. Therefore, pursuant to Fed. R. Civ. P. 54 and 28 U.S.C.A. § 2465(b)(1)(A), H.D. Smith now moves this Court for an award of attorney fees and costs reasonably incurred by H.D. Smith in the aggregate amount of $474,190.50 in attorney fees and $45,234.97 in costs.

## II.  ARGUMENT

### A.    H.D. Smith is Entitled to Recover its Attorneys' Fees from the Government Pursuant to 28 U.S.C.A. § 2465(b)(1)(A)

Fed. R. Civ. P. 54(d)(1) provides in pertinent part "[u]nless a federal statute, these rules, or a court order provides otherwise, cost - other than attorneys' fees - should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(2) further provides "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those

2

fees to be proved at trial as an element of damages." To that end, 28 U.S.C.A. § 2465 provides the basis for H.D. Smith's request for recovery of its attorney fees and costs incurred throughout the course of this litigation. In addition to the return of the property to the claimant in a civil forfeiture action, 28 U.S.C.A. § 2465(b)(1)(A) provides in pertinent part:

> Except as provided in paragraph (2), in any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable for - -
>
> (A) reasonable attorney fees and other litigation costs reasonably incurred by the claimant;

Motions under 28 U.S.C.A § 2465(b)(1)(A) are to made following trial proceedings in which the claimant "substantially prevails." *See U.S. v. $60,201.00 United States Currency*, 291 F. Supp. 2d 1126, 1128 (C.D. Calif. 2003). In light of this Court's ruling[1], it is beyond dispute that H.D. Smith has substantially prevailed to the extent that the Government is now liable for H.D. Smith's attorney fees. As the prevailing party, H.D. Smith now bears the burden of proving a reasonable fee. *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999).

**B.     H.D. Smith's Attorneys and Their Rates**

Barnes & Thornburg LLP ("Barnes & Thornburg") has represented H.D. Smith since 2005, and Larry A. Mackey, a Barnes & Thornburg partner, has served as H.D. Smith's primary outside counsel since January, 2006. *See* Ex. A - Affidavit of Larry A. Mackey In Support of H.D. Smith's Motion for Attorney Fees and Costs at ¶ 5. Furthermore, Barnes & Thornburg is recognized in *Chambers USA* as a premier litigation firm and has represented, and continues to represent, H.D. Smith on general corporate and transactional matters, other litigation and

---

[1] By granting H.D. Smith the full relief it requested in its initial claim, the Court has already tacitly acknowledged that H.D. Smith has substantially prevailed under 28 U.S.C. § 2465. *See* Opinion at p. 28 (Dkt. #170).

3

collection matters, labor issues, regulatory and licensing issues, commercial disputes such as the instant cases in addition to various other matters. *See* Ex. A at ¶ 4, 5.

As the attorney responsible for managing the client relationship with H.D. Smith, Mr. Mackey was consulted for advice regarding strategic litigation decisions at critical junctures in the case. To further minimize cost, the bulk of the litigation[2] work was performed by a team of one junior partner assisted by a single associate. At times, paralegals and other associates were called upon to provide legal research, motion drafting, and exhibit preparation on a one off, as needed basis. Barnes & Thornburg billed H.D. Smith at its standard hourly rates which are consistent with the rates charged by similarly experienced and respected attorneys in the Detroit, Michigan legal market. *See* Ex. A at ¶ 6; Ex. B - Affidavit of Carl W. Herstein In Support of H.D. Smith's Motion for Attorney Fees at ¶¶ 12-14. Moreover, these rates are consistent with the rates previously charged by Barnes & Thornburg to H.D. Smith for work of similar nature. *See* Ex. A at ¶ 6. As such, the attorney fees request submitted by H.D. Smith is reasonable and should be granted in its entirety.

Specifically, H.D. Smith requests an award of attorney fees for the 1,595.70 hours of professional legal services expended in connection with this civil forfeiture action filed by the Government over the course of a three and a half year period. A detailed recitation of the of

---

[2] For the record, Samuel Hodson, a former partner at Barnes & Thornburg and Krista S. Zorilla, a former associate at Barnes & Thornburg, were both primarily responsible for litigating this matter during its onset and were responsible for drafting and arguing H.D. Smith's Motion for Summary Judgment. While the motion was pending before this Court, both Mr. Hodson and Mrs. Zorilla departed Barnes & Thornburg and joined Benesch firm. Subsequent to the Court's March 24, 2011 Order denying the motion, Jason R. Barclay, partner at Barnes & Thornburg and William J. Leeder, III, an associate at Barnes & Thornburg, assumed primary responsibility for completing discovery and preparing this case for trial. As this Court has noted, the use of two lawyers at court conferences, hearings and at trial is useful when such tasks are shared. *Paeth v. Worth Twp*, 2010 WL 486706, *5 (E.D. Mich. Nov. 23, 2010). As this Court will recall and as reflected in the billing records attached hereto, Barnes & Thornburg employed that very approach throughout this case, including at trial.

hours and rates[3] is set forth below and further supported by the Barnes & Thornburg Invoices[4] attached to the Affidavit of Larry A. Mackey:

| Attorney/Paralegal | Position | Years of Practice | Rate/Hours Expended in this Litigation | Total |
|---|---|---|---|---|
| Larry A. Mackey | Partner | 36 | $480.00 x 30.00<br>$525.00 x 14.80 | $22,170.00 |
| Jason R. Barclay | Partner | 10 | $370.00 x 373.5 | $138,195.00 |
| Samuel D. Hodson | Partner | 26 | $350.00 x 288.10<br>$375.00 x 32.70 | $105,012.50 |
| William J. Leeder III | Associate | 7 | $295.00 x 395<br>$315.00 x 2.20 | $117,218.00 |
| Krista S. Zorilla | Associate | 2 | $220.00 x 186.10 | $40,357.00 |
| Stacy L. Cook | Partner | 18 | $265.00 x 1.80 | $477.00 |
| Stephen L. Fink | Partner | 23 | $405.00 x 1.10<br>$425.00 x 7.20 | $3,505.50 |
| Mark D. Stuaan | Partner | 30 | $415.00 x .60 | $249.00 |
| Jeanine Kerridge | Associate | 6 | $285.00 x 18.70 | $5,329.50 |
| Nicholas D. Heiney | Associate | 2 | $225.00 x 3.50 | $787.50 |
| Erin E. Thacker Uhl | Paralegal | 3 | $160.00 x 88.30<br>$170.00 x 8.00 | $15,488.00 |
| Brooke Aurs | Paralegal | 1 | $175.00 x 129.50 | $22,662.50 |
| Tracy J. Quinlan | Paralegal | 6 | $180.00 x 7.20 | $1,296.00 |
| Laura A. Kane | Paralegal | 6 | $195.00 x 7.40 | $1,443.00 |
| | | Total: | 1,595.70 | $474,190.50 |

## C.    H.D. Smith's Request for Attorney Fees Is Reasonable

The primary concern in evaluating a request for attorneys' fees "is that the fee awarded be reasonable." *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). "A reasonable fee is one that is adequate to attract competent counsel, but ... [does] not produce windfalls to attorneys." *Reed*, 179 F.3d at 471; *see also Paschal v. Flagstar Bank*, 297 F.3d 431, 434 (6th Cir. 2002). In determining a

---

[3] An attorney's normal billing rate is often further indication of the market value of the services provided. *See Loesel v. City of Frankenmuth*, 743 F.Supp.2d 619, 646 (E.D. Mich. Sept. 27, 2010).

[4] The Invoices have been redacted to protect the attorney client privilege as well as to remove time entries which are not subject to this request for attorney fees as set forth herein. Additionally, the billing entries for Mr. Hodson were reduced on the May 2009 invoice by $7,500 and the July 2009 invoice by $585, respectively. The billing entries for Ms. Zorilla were reduced on the July 2009 Invoice by $585. The total amount of fees requested in this Motion and set forth in the above-referenced table reflect these reductions.

reasonable attorney-fee award, the district court must calculate "the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate." *Id.*

The Court must be mindful that the legal task of determining reasonable attorney fees is not intended to be a "second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Rather, the reviewing court is to exercise simple "billing judgment" with respect to time and hours reviewed. *Id.* This reasonable billing judgment is not an excuse for an *ex post facto* examination of the litigation strategies of counsel. "The question is not whether a party prevailed on a particular motion or whether in hindsight the time expenditure was strictly necessary to obtain the relief achieved. Rather, the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir.1990), abrogated on other grounds by *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 600 (2001).

For purposes of the lodestar calculation, a reasonable hourly rate for attorney fees is determined by reference to the market place. *Missouri v. Jenkins*, 491 U.S. 274, 285, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989). The court requires more than a mere affidavit that the attorney claimant charges a particular rate. Rather, the claimant must provide evidence of the prevailing rates in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984). A higher level of attorney experience warrants the award of a higher fee. *Id.* A reasonable attorney fee also includes reasonable compensation for paralegals and law clerks, whose work should generally be compensated at the rates at which it is billed to clients. *Jenkins*, 491 U.S. at 285.

In *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir.1974), the Fifth Circuit enunciated 12 factors that trial courts may consider in calculating reasonable

6

attorney-fee awards, or in other words, the "lodestar." The Supreme Court has determined that "*Johnson's* 'list of 12' ... provides a useful catalog of the many factors to be considered in assessing the reasonableness of an award of attorney's fees...." *Blanchard v. Bergeron,* 489 U.S. 87, 93 (1989). These 12 factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-719.

A district court may apply the *Johnson* factors both during its initial calculation of the attorney-fee award or when it is considering a request for an enhancement. *United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.,* 732 F.2d 495, 502-03, 503 n. 3 (6th Cir.1984) (stating that the trial court should first conduct the initial evaluation, then examine the award against several factors, including the *Johnson* factors, but also noting that trial courts usually subsume the analysis of those factors within the initial calculation). Notably, H.D. Smith is not requesting an enhancement of its attorney fees award based on the nature and length of its relationship with Barnes & Thornburg. Rather, H.D. Smith submits that consideration of the *Johnson* factors supports the conclusion that the fees it has incurred in this matter are reasonable and thus should be paid by the Government in accordance with 28 U.S.C.A. § 2465(b)(1)(A).

### 1.      The Time and Labor Required

This case lasted nearly three and a half years, involved thousands of pages of documents, included 12 depositions, required extensive briefing related to the Government's failure to conduct discovery in good faith and entailed comprehensive trial preparation. Counsel for H.D. Smith made a diligent and conscientious effort to avoid unnecessary and duplicative work especially in the months leading up to trial during which the overwhelming majority of discovery and trial preparation was conducted. For instance, Mr. Barclay took the lead on deposing the Government's witnesses, defending the depositions of key H.D. Smith personnel and took the lead during the trial. On the other hand, Mr. Leeder was responsible for much of the day-to-day work including responding to the Government's discovery, reviewing the Government's responses to written discovery, drafting and responding to motions, arguing discovery motions and defending the depositions of H.D. Smith's former employees. For these reasons, the time and labor was both necessary and reasonable given the posture of this litigation and the Government's conduct throughout the life of this case.

### 2.      The Novelty and Difficulty of the Questions Raised

This factor also supports H.D. Smith's claim for attorney fees. Subsequent to the enactment of CAFRA, some question remained regarding whether the concept of willful blindness survived its enactment and was applicable to a claimant asserting the innocent owner defense. Specifically, the Sixth Circuit has not yet had an opportunity to address the issue of whether willful blindness is an acceptable substitute for actual knowledge of an innocent owner. This Court concluded that the "willful blindness" standard did survive the adoption of CAFRA based on the express language the requiring that an innocent owner "did not know of the conduct giving rise to forfeiture." 21 U.S.C. § 983(d)(2)(A)(1). Counsel for H.D. Smith briefed the

"willful blindness" issue and then successfully defended H.D. Smith under the more exacting willful blindness standard as set forth in *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. ___ (2011). Moreover, given the Government's trial strategy, the issues presented relative to that determination involved a comprehensive understanding of the regulatory framework (Controlled Substances Act, 21 U.S.C. § 801 *et. seq*. and the regulations promulgated there under) governing H.D. Smith's obligations as a licensed national wholesaler of pharmaceuticals. As a result H.D. Smith's pre-existing relationship with Barnes & Thornburg, H.D. Smith's attorneys were able to bring the experience and expertise to bear on this litigation.

### 3.   The Skill Requisite to Perform the Legal Services Properly

This matter required a unique understanding of the complex regulatory framework under Controlled Substances Act governing the conduct of national drug wholesalers such as H.D. Smith. Due to the previous and ongoing relationship with H.D. Smith, Barnes & Thornburg was better positioned to advocate on behalf of H.D. Smith in order to recover proceeds from the Accounts without having to conduct frivolous or unnecessary legal research.

### 4.   The Preclusion of Other Cases Due to the Acceptance of This Case

H.D. Smith submits that thus factor does not impact the award of attorney fees as the acceptance of this representation did preclude Barnes & Thornburg from accepting other representations.

### 5.   The Customary Fee

By virtue of this Motion, H.D. Smith is seeking an award of attorney fees which is consistent with the rates which Barnes & Thornburg has previously charged and continues to charge H.D. Smith for work of this nature. As set forth in greater detail *supra*, these rates are reasonable based on the experience, reputation and abilities of the attorneys at Barnes &

9

Thornburg and are otherwise consistent with applicable legal market of Detroit, Michigan. *See* Ex. B.

### 6.      Whether the Fee is Fixed or Contingent

The fees in this matter are fixed and are not subject to a contingency fee arrangement between H.D. Smith and Barnes & Thornburg.  In light of the fact that H.D. Smith's fees are fixed at a rate supported by its pre-existing relationship with Barnes & Thornburg, H.D. Smith further supports an award of attorney fees at the rates set forth above.

### 7.      Time Limitations Imposed

While there were no time limitations imposed by H.D. Smith, Mr. Barclay and Mr. Leeder were able to prepare this matter for trial in just under four months.  As previously mentioned, these efforts included engaging in extensive written discovery, taking 12 depositions, extensive motion practice and substantial trial preparations.

### 8.      The Results Obtained and the Amount Involved

The degree of success obtained is perhaps the most critical factor in determining the reasonableness of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 434-436 (1983); *see also Citizens Ins. Co. of America v. KIC Chemicals, Inc.*, 2007 WL 2902213, *10 (W.D. Mich. Oct. 1, 2007).  Where a party seeking to recover attorney fees "has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley*, 461 U.S. at 435.  In the instant case, it is undisputed that Barnes & Thornburg obtained very favorable results for H.D. Smith.  H.D. Smith secured the return of the more then $606,450.29, plus actual and imputed interest, which was subject to H.D. Smith's properly perfected security interest.  In this case, CAFRA also requires the award of fees and costs when a party prevails in a civil forfeiture proceeding.

**9.      The Experience, Reputation, and Abilities of the Attorneys**

Additionally, the experience, reputation and ability of H.D. Smith's attorneys further justify the hourly billing rates.  Barnes & Thornburg is recognized in *Chambers USA* as a premier litigation firm and has represented H.D. Smith since 2005 on general corporate and transactional matters, criminal matters, labor issues, regulatory and licensing issues, commercial disputes such as the instant cases in addition to various other matters.  *See* Ex. A at ¶ 4, 5.  These rates are consistent with what Barnes & Thornburg customarily charges H.D. Smith and its other clients for similar representations.  *See* Ex. A at  ¶ 5.  The following Barnes & Thornburg attorneys were responsible for the overwhelming majority of the work in this case:

1.  Mr. Mackey graduated from the Indiana University – Bloomington (J.D. 1976), *magna cum laude*, and has been practicing law for over 36 years with extensive white collar defense and complex commercial litigation experience.  Mr. Mackey delivered the closing argument on behalf of the United States in *U.S. v. Timothy McVeigh* and led the prosecution team in *U.S. v. Terry Nichols*, the two companion criminal cases arising out of the Oklahoma City bombing.  He has been consistently recognized by *The Best Lawyers in America* and *Indiana Super Lawyers*.

2.  Mr. Barclay graduated from the University of Virginia School of Law (J.D. 2002) and has been a partner at Barnes & Thornburg since 2010.  Mr. Barclay was recently named to the Indianapolis Business Journal's "Forty Under 40" list for 2011.

3.  Mr. Hodson graduated from the Indiana University – Bloomington (J.D. 1986) and has been practicing law for over 26 years with a focus on insolvency and business reorganization.  Mr. Hodson has been recognized by *Indiana Super Lawyers* since 2010.  Mr. Hodson is also AV rated by Martindale Hubbell and was recognized by *The Best Lawyers in America* in 2012.

4.  Mr. Leeder graduated from the DePaul University College of Law (J.D. 2004) and has six years of commercial litigation experience.

5.  Ms. Zorilla graduated from the University of Notre Dame Law School (J.D. 2007), *magna cum laude*, and had two years of commercial litigation and bankruptcy experience at the time she worked on this matter.

*See* Ex. A at ¶¶ 3, 10, 14, 18, and 22.

11

As such, the attorney fees request submitted by H.D. Smith is reasonable and should be granted in its entirety.

### 10.    The Undesirability of the Case

H.D. Smith submits that thus factor does not impact the award of attorney fees as the acceptance of this representation was not undesirable but rather created an opportunity to expand the scope of its representation of H.D. Smith.

### 11.    The Nature and the Length of the Professional Relationship

As previously discussed, Barnes & Thornburg has a well-established professional relationship with H.D. Smith which predates the onset of this litigation. H.D. Smith further submits that the length of its relationship with Barnes & Thornburg further buttresses its claim that the rates are reflective of the market rate for the exemplary services provided by a firm such as Barnes & Thornburg. Indeed, neither H.D. Smith nor its counsel is attempting to recover a windfall. H.D. Smith is simply seeking to recover the amounts it has already incurred and paid as a direct result of the Government's attempt to seek the forfeiture of the Accounts. These are fees and costs that would not have been incurred if the Government did not litigate this lengthy forfeiture proceeding.

### 12.    Awards in Similar Cases

The entire purpose of the fees shifting provision in CAFRA is intended to "to make federal civil forfeiture procedures fair to property owners and to give owners innocent of any wrongdoing the means to recover their property and make themselves whole after wrongful government seizures." *United States v. Certain Real Prop.*, 579 F.3d 1315, 1322 (11th Cir. 2009). Courts throughout the country have routinely awarded attorney fees to compensate those claimants who have been subjected to the wrongful conduct of the Government. *See U.S. v.*

12

*$59,000 in U.S. Currency*, 2010 WL 3212002 (S.D. Fla. Aug. 12, 2010) (awarding claimant

$35,525.00 in attorney fees involving a or forfeiture amount of $49,000.00); *U.S. v. 4,432*

*Mastercases of Cigarettes*, 322 F. Supp.2d 1075 (C.D. Cal. 2004) (awarding fees and costs in

excess of $480,000 and hourly rates of $400/hour for lead counsel under CAFRA) (vacated on

other grounds by 448 F.3d 1168 (9th Cir. 2006)).  H.D. Smith submits that given the amounts at

issue and the complexity of the underlying facts, the requested award is appropriate, reasonable

and justified as set forth herein.

### III.  CONCLUSION

H.D. Smith submits that the number of hours (1,595.70), the total attorneys' fees

($474,190.50), and the total costs ($45,234.97) were reasonable especially in light of the

indefensible positions taken by the Government throughout the course of this litigation.  For the

above stated reasons, H.D. Smith's Motion for Attorney Fees and Costs should be granted in its

entirety.

Respectfully submitted,

Date:  April 12, 2012

/s/ William J. Leeder, III
William J. Leeder III (P70708)
BARNES & THORNBURG LLP
171 Monroe Avenue, N.W., Suite 1000
Grand Rapids, MI  49503
bleeder@btlaw.com
Phone:  (616) 742-3930

and

Jason R. Barclay
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204-3535
Telephone:  (317) 231-7250
Facsimile:  (317) 231-7433

Attorneys for Claimant H.D. Smith
Wholesale Drug Co., Inc.

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participating attorneys of record, and I hereby certify that I have mailed, by United States Postal Service, the paper to the non-ECF participating attorneys of record.

Dated: April 12, 2012

By: /s/ William J. Leeder, III
William J. Leeder, III (P70708)
Business address:
171 Monroe Avenue, NW, Suite 1000
Grand Rapids, Michigan 49503
(616) 742-3930
*bleeder@btlaw.com*